Oscar **WHITE**, and all others similarly situated, Plaintiffs-Appellants,

v.

Edmund G. **BROWN**, Jr., Secretary of State, Defendant-Appellee.

No. 72-2560.

United States Court of Appeals, Ninth Circuit.

Sept. 29, 1972.

**302**

Thomas J. Gundlach (argued), San Francisco, Cal., for plaintiffs-appellants.

Robert R. Granucci, Deputy Atty. Gen. (argued), William E. James, Edward P. O'Brien, Asst. Attys. Gen., Edward A. Hinz, Jr., Chief Asst. Atty. Gen., Evelle J. Younger, Atty. Gen., San Francisco, Cal., for defendant-appellee.

Before BROWNING, ELY, and WRIGHT, Circuit Judges.

## PER CURIAM:

White appeals a dismissal of his action to remove Proposition 17, the California Death Penalty Initiative, from the state's November ballot. That initiative on its face purports to reinstate all of California provisions for the imposition of the death penalty that were in effect on February 17, 1972.[1] February 17th is the date the California Supreme Court declared all such provisions violative of the California Constitution. People v. Anderson, 6 Cal.3d 628, 100 Cal.Rptr. 152, 493 P.2d 880 (1972).

White's basic claim is that Proposition 17 would violate the Eighth Amendment of the United States Constitution, as applied by the United States Supreme Court in Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972), and Moore v. Illinois, 408 U.S. 786, 92 S.Ct. 2562, 33 L.Ed.2d 706 (1972). In our view, White lacks standing to assert this claim.

According to White, the mere possibility of Proposition 17's passage, regardless of the election's actual result, will cause him the requisite injury in fact. See, e. g., Sierra Club v. Morton, 405 U.S. 727, 92 S.Ct. 1361, 31 L.Ed.2d 636 (1972); Association of Data Processing Service Organizations, Inc. v. Camp, 397 U.S. 150, 90 S.Ct. 827, 25 L.Ed.2d 184 (1970). White is presently charged with the crime of first degree murder arising out of acts allegedly committed on or about June 24, 1972, approximately four months after the California Supreme Court's decision in People v. Anderson, supra. Prior to Anderson, section 190 of the California Penal Code had authorized discretionary death sentencing in cases of first degree murder.

---

1. "The undersigned hereby propose that the Constitution of the State of California be amended by adding Section 27 to Article 1 thereof, permitting the death penalty as a form of punishment for criminal offenses, and petition the Secretary of State to submit this proposal to the electors of California for adoption. The text of the proposed measure is as follows:
    " 'Section 27 is added to Article 1, to read:
    " 'Sec. 27. All statutes of this state in effect on February 17, 1972, requir-

ing, authorizing, imposing or relating to the death penalty are in full force and effect, subject to legislative amendment or repeal by statute, initiative, or referendum. The death penalty provided for under those statutes shall not be deemed to be, or to constitute, the infliction of cruel or unusual punishments within the meaning of Article 1, Section 6, nor shall such punishment for such offenses be deemed to contravene any other provision of this Constitution.' "
Brief for Appellant at 38 (App. a).

White argues that the mere possibility of Proposition 17's passage and subsequent interpretation to reinstate section 190's death penalty and apply it retroactively to him is encouraging him and other criminal defendants similarly situated to waive various federal constitutional rights and even plead guilty now rather than risk the death penalty by stretching out their trials past the initiative's probable effective date. Such encouragement, asserts White, is analogous to that held impermissible in United States v. Jackson, 390 U.S. 570, 88 S.Ct. 1209, 20 L.Ed.2d 138 (1968).

There is no substance to White's fear that passage of Proposition 17 might subject him to the death penalty.

Proposition 17 does not apply to White's case. By its own terms, it speaks only in the present tense: "All statutes in effect on February 17, 1972, requiring, authorizing, imposing, or relating to the death penalty *are* in full force and effect . . . " (emphasis added). Even though retroactive application would arguably be insulated from attack on *state* constitutional grounds,[2] there is no basis for asserting such application here.

█ If Proposition 17 *were* interpreted to apply to White's alleged June 24th commission of first degree murder, the proposition would constitute a patent violation of article I, section 10, clause 1 of the *United States* Constitution: "No State shall . . . pass any . . . ex post facto Law . . .." Since the California Supreme Court had on February 17th voided section 190 of the California Penal Code to the extent it authorized imposition of the death penalty for White's alleged crime, the maximum penalty provided for that crime on the date of its alleged commission was life imprisonment. According to Justice

Field, an ex post facto law is "one which imposes a punishment for an act which was not punishable at the time it was committed; *or imposes additional punishment to that then prescribed* . . .." Cummings v. Missouri, 71 U.S. (4 Wall.) 277, 325–326, 18 L.Ed. 356 (1867) (emphasis added); *see* Ex parte Garland, 71 U.S. (4 Wall.) 333, 377–378, 18 L.Ed. 366 (1867). Or, in the words of Chief Justice Marshall, it is a law "which renders an act punishable in a manner in which it was not punishable when it was committed." Fletcher v. Peck, 10 U.S. (6 Cranch.) 87, 137, 3 L.Ed. 162 (1810). There is simply no possibility that California could now sentence White to death consistently with the United States Constitution.

Finally, the representative of the Attorney General of the State of California has represented to this court, both orally and in writing, that it is the official position of the State of California that Proposition 17, if enacted, will not revive the death penalty with respect to violations of section 187 of the California Penal Code, under which White is charged; that to so apply it would contravene both the federal and state Constitutions; and, accordingly, that White may not be sentenced to death for the offense with which he is charged even if the initiative is enacted.

█ Since we find that White's assertion of standing was frivolous, we need not reach the issue of whether a dismissal for want of standing could otherwise be made only by the three-judge district court requested by White. *See* Scott v. Hill, 449 F.2d 634, 635–637 (6th Cir. 1971), cert. denied 405 U.S. 928, 92 S.Ct. 979, 30 L.Ed.2d 801 (1972). The judgment of dismissal is accordingly affirmed. This court's mandate shall is-

2. Although California constitutional and statutory law (Cal.Const., art. I, § 16; Pen.Code, § 3) prohibits any enactment that increases criminal penalties for conduct occurring prior to the enactment's effective date, the initiative provides that its reinstatement of the death penalty "shall not be deemed . . . to contravene any other provision of this Constitution." *See* note 1, *supra*.

sue forthwith, and no petition for rehearing will be entertained. *See* Rule 2, F.R.App.Proc.

So ordered.